V. LOEWER'S GAMBRINUS BREWERY CO. *v.* BACHMAN *et al.*

(*Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. ACCOMMODATION PAPER—DIVERSION OF PROCEEDS—PLEADING.
    In an action on a note against an accommodation indorser, diversion of the proceeds of the note from the purpose intended by him not being alleged in the answer, evidence thereof was properly excluded.

2. CREDIBILITY OF WITNESS—ARREST.
    In such action an objection to the question, "Were you ever arrested?" propounded to a witness, was properly sustained, since the mere fact of an arrest could not lessen his credibility.

Appeal from eleventh district court.

Action by V. Loewer's Gambrinus Brewery Company against Conrad W. Bachman and others. From a judgment for plaintiff, defendant Bachman appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Phillips & Avery,* for appellant.　*C. J. G. Hall,* for respondent.

BOOKSTAVER, J.　Plaintiff sued appellant Bachman as an indorser on a promissory note for $200.　The maker, Leonard, was not served.　The appellant answered in writing, and alleged as a defense "that he indorsed the note and delivered it to Leonard without consideration, and for the sole purpose that Leonard should discount the same, and receive therefor, in cash, from the plaintiff the amount, less the discount," and denied that plaintiff discounted the note.　The issues so joined were tried by a jury, which found in favor of the plaintiff.　The only question to be decided by the jury was whether or not the plaintiff did discount the note, and the jury determined that in favor of the plaintiff, and upon abundant evidence.　Indeed, if they had not, we think we would have been compelled to set aside the judgment as being contrary to the evidence.　On the trial, the appellant attempted to show a diversion of the funds from the purpose intended by the indorser; but he had not alleged any such defense in his answer, and did not ask to amend his pleading on the trial; nor did he offer to connect plaintiff with knowledge of the conditions on which he indorsed the note.　Such evidence, therefore, was properly excluded.

Exception was taken to the ruling of the court sustaining an objection to the following question: "Did you ever cancel the chattel mortgage which was on the fixtures, $200?"　This question referred to a chattel mortgage given by Leonard to another party, and which was paid by the plaintiff.　Whether or not that mortgage was canceled we think was of no materiality in this case, but the question was evidently meant to be whether or not plaintiff had paid that mortgage, and was immediately repeated in that form, and answered in the affirmative.　The exception taken to the ruling of the court sustaining the objection to the question, "Were you ever arrested?" we think was not well taken, as the mere fact of an arrest does not reflect upon a witness' credibility.　It has been held that an indictment does not do this.

We do not think the court erred in excluding evidence as to conversations between Leonard and Stutt.　The latter was not shown to have been the agent of the plaintiff for the purpose of negotiating this loan, or that he acted for it in any other capacity than that of collector.　Besides, the substance of this conversation was admitted in evidence subsequently.　The exclusion of the conversation between appellant and Leonard was proper, for the reasons before given, and also because it was not in any way proposed to connect this with any of the plaintiff's officers competent to make an agreement in regard to the loaning of money.　We have examined the other exceptions taken, but do not think there was error in any of them.　The judgment should therefore be affirmed, with costs.